**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| Oracle Financial Group LLC, | : |
| Plaintiff, | : |
| vs. | : |
| Lemberg Law LLC, | : |
| Defendant. | : |

Case No. 1:17-cv-00956 (LJV)

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS COMPLAINT**

Defendant, Lemberg Law LLC ("Lemberg Law"), by and through its undersigned counsel, respectfully submits this memorandum of law in Support of its Motion, pursuant to Fed. R. Civ. Pr. 12(b)(6), to dismiss with prejudice Plaintiff's Complaint for failure to state a claim upon which relief can be granted. The Plaintiff, Oracle Financial Group LLC ("Oracle"), is a debt collector that is patently displeased that it has been repeatedly sued for harassing consumers in violation of various debt collection laws, namely the Fair Debt Collection Practices Act (the "FDCPA") and corresponding state laws. Rather than enhance compliance and revamp its practices so that fewer debtors have cause to bring civil claims against it, Oracle has instead attempted to bully Lemberg Law into turning their attention away from Oracle's debt collection practices. The underlying intent of this civil action is to dissuade the Defendant from making consumers aware of their rights and of the Defendant's proficiencies in defending those rights.

Notably, this is not the first time that Lemberg Law has faced legal action by unhappy debt collectors. Just under two years ago, similar claims based on the Lanham Act were brought by another collector of debts in the United States District Court for the District of South Carolina. See *Amcol Sys., Inc. v. Lemberg Law, LLC*, 2015 WL 8493955 (D.S.C. Dec. 10, 2015), *reconsideration denied*, 2016 WL 613896 (D.S.C. Feb. 16, 2016). Lemberg Law moved to

dismiss those claims, and the court granted Lemberg Law's motion and dismissed the federal claims in their entirety.  A copy of the *Amcol* decision is attached as Exhibit "1."

Before then, similar claims based on the Lanham Act were brought by yet another debt collector in the United States District Court for the Middle District of Florida. *See NCC Bus. Servs. v. Lemberg & Assoc., LLC*, 2014 U.S. Dist. LEXIS 100312 (M.D. Fl. June 6, 2014) ("NCC").  Lemberg Law moved to dismiss those claims as well and the court granted Lemberg Law's motion and dismissed the claims in their entirety.  A copy of the *NCC* decision is attached as Exhibit "2."  The Florida dismissal came on the heels of a prior decision in the Southern District of New York dismissing similar claims by a debt collector against a consumer law firm, *Allied Interstate LLC v. Kimmel & Silverman, P.C.*, 2013 WL 4245987 (S.D.N.Y. Aug. 12, 2013).  A copy of *Allied Interstate* decision is attached as Exhibit "3."  This Court must reach the same conclusion and swiftly dismiss Oracle's plainly deficient Complaint.  A speedy resolution of this case is necessary to dissuade other debt collectors from wasting the Court's time with baseless litigation every time a product or service is mentioned by name in advertisements.

The Lanham Act was not meant to stifle fair competition or criticism in the marketplace; rather, the Lanham Act was intended to prevent infringers from bamboozling an unsuspecting consumer into purchasing the infringers' goods when the consumer incorrectly thought that he or she was purchasing the trademark holder's goods.  Because Plaintiff and Defendant do not cater to the same clientele and Complaint fails to plead facts demonstrating falsehood, the Lanham Act's protections have no application here.  The Complaint must be dismissed in whole.

## I.      FACTUAL AND PROCEDURAL HISTORY

Oracle filed its Complaint with the Court on September 25, 2017.  In its Complaint, Oracle alleges that it is a "debt collection agency" that provides "services to companies that are

seeking to collect unpaid accounts receivables." Complaint ¶12.  Oracle admits Lemberg Law is a "Consumer Protection" law firm whose "main practice area" is "protection from unlawful debt collection practices." *Id*. ¶¶2, 14.  Oracle further alleges that Lemberg Law operates a website www.lemberglaw.com ("Lemberg Website") to advertise its services. *Id*. ¶¶2-3. Oracle complains that Lemberg Website contains an Oracle Page (*Id*. ¶¶18-19) that sets forth several false and defamatory statements about Oracle, which it alleges are as follows (per Complaint, full quotes included for context, allegedly false and defaming portions indicated by *italics*):

> **STATEMENT 1:** This lawsuit charges that *Oracle Financial Group violated the Fair Debt Collection Practices Act (FDCPA) by contacting third parties about a debt; by engaging in harassing behavior; by using false, deceptive, or misleading representation in connection with the collection of a debt; by threatening to take legal action without actually intending to do so; by misrepresenting that our client had committed a crime; and by using unfair and unconscionable means to collect a debt.*

> **STATEMENT 2:** *Oracle Financial Group told her friend that the debt collection agency was trying to reach our client with regard to "a criminal lawsuit." In addition, our client says that her brother received a voicemail message from Oracle Financial Group saying that it was trying to serve her with a lawsuit. When she called Oracle Financial Group, our client says that the Oracle Financial Group debt collector told her that her license would be suspended if the debt wasn't paid. The debt collection agency also said that it had sent our client a lawsuit in the mail.*

> **STATEMENT 3:** As of *April 2017, the Better Business Bureau reported 45 closed Oracle Financial Group complaints within the previous three years, including 9 closed Oracle Financial Group complaints within the previous 12 months. In addition, Justia lists one Oracle Financial Group complaints filed in federal court in the past year alleging violations of the Fair Debt Collection Practices Act. Furthermore, the Consumer Financial Protection Bureau (CFPB) lists 31 closed Oracle Financial Group complaints for 2016.*

> **STATEMENT 4:** Oracle Financial Group is based in Buffalo, New York. *The business was launched in 2000, and is both a debt collector and a debt buyer. Debt buyers typically purchase cheap blocks of debt that companies have written off as uncollectable. Sometimes debt buyers purchase debt from other debt buyers*

*who have already worked over the accounts. They turn a profit by collecting on a percentage of those "uncollectable" debts.*

**STATEMENT 5:** Like many debt collection companies, Oracle Financial Group operates on a contingency basis, meaning they don't get paid unless they collect debt. *They claim that their debt collectors are trained in persuasive techniques to get consumers to pay them, while at the same time claiming that their staff is trained to be in compliance with all federal and state laws that govern the industry.*

*See* Complaint, ¶20.

Oracle alleges that such statements violate the federal Lanham Act, 15 U.S.C. § 1051 *et seq.*, disparages and defames Oracle, damaged its reputation, and caused Oracle monetary damages. Id. ¶¶1, 5-6.

Oracle asserts three causes of action in the Complaint.  The "First Cause of Action" is labeled "Violations of Lanham Act § 43(a)."  Oracle claims that Lemberg Law's "publication of false and misleading statements about Oracle constitutes false advertising in violation of 15 U.S.C. § 1125(a)(1)(B)." Complaint, ¶22.  Oracle theorizes that such allegedly false statements are likely to deceive consumers as to the nature of Oracle's practices, including causing consumers to believe that Oracle engages in unlawful debt collection practices." *Id.* ¶23. Judging by Oracle's use of the term "consumers" in other allegations of the Complaint, under "consumers" Oracle apparently means the individuals from whom Oracle attempts to collect debts and not the client's of Oracle. i.e. other persons or entities that hire Oracle to collect debts or who sell their debts to Oracle. *Id.*, ¶2, 4, 20.  Oracle claims that such statements caused it to suffer "significant monetary and reputational injury." *Id.* ¶24.

The "Second Cause of Action" is labeled "Trade Libel/Commercial Disparagement." Oracle claims Lemberg Law "maliciously published false statements that disparage Oracle" and that such statements "constitute injurious falsehoods and trade libel," that they "impugn the

integrity of Oracle," and that these "statements were expressly directed at Oracle." *Id*. ¶¶26, 27. Oracle further claims that readers of such statements unquestionably understood their false and defamatory meaning and that such statements were "directed at Oracle and its business practices." *Id*. ¶¶28-29.  Oracle complains it has been harmed and suffered injury. *Id*. ¶¶30, 32.

The "Third Cause of Action" is labeled "Defamation."  Oracle asserts Lemberg Law engaged in defamation by publishing allegedly false statements on Lemberg Website about Oracle that "impeach its integrity and reputation," such as "Oracle has violated the Fair Debt Collection Practices Act (FDCPA) by contacting third parties about a debt." *Id*. ¶34. Oracle further contends Lemberg Law's allegedly malicious conduct prejudices "Oracle in the conduct of its business and/or deters others from dealing with it, and using its services." *Id*. ¶¶36, 39. Again, Oracle complains it has suffered an injury. *Id*. ¶40.

## II.   LEGAL STANDARD

A motion to dismiss per Rule 12(b)(6) challenges the legal sufficiency of a complaint. *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). " 'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' " *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). " '[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' " *Harris*, 572 F.3d at 72 (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court articulated a "two-pronged approach" to assessing the sufficiency of a complaint. *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d

705, 717 (2d Cir. 2013) (*quoting Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950). "First, although a complaint need not include detailed factual allegations," "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' *Id*. (*quoting Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. (*quoting Twombly*, 550 U.S. at 557, 127 S.Ct. 1955) (internal quotation marks and citations omitted). Second, the complaint must "plead facts 'allow[ing] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Id*. (*citing Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937). The complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (*citing Iqbal*, 556 U.S. at 678). Accordingly, where "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. (*citing Iqbal*, 556 U.S. at 679; *quoting* Fed.R.Civ.P. 8(a)(2)). " 'Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.' " *Id*. (*citing Iqbal*, 556 U.S. at 679).

## III.    DISCUSSION

Each and every one of Oracle's causes of action must be dismissed. First, Oracle has failed to state a claim upon which relief can be granted under the Lanham Act because Complaint failed to plead facts in support of Oracle's contention that Lemberg Website statements are false, failed to plead facts showing Lemberg Website statements constitute "commercial advertising or promotion," and failed to plead causal link to its damages. Second, Oracle cannot recover on its Trade Libel/Commercial Disparagement claim because it failed to plead facts in support of Oracle's contention that Lemberg Website statements are false and

failed to plead special damages.  Third, Oracle cannot recover on its defamation claim because it failed to identify any false or defamatory comments and failed to plead special damages. Oracle's Complaint must be dismissed with prejudice in its entirety.

### A. ORACLE'S LANHAM ACT CAUSE OF ACTION MUST BE DISMISSED BECAUSE COMPLAINT FAILS TO PLEAD FACTS IN SUPPORT OF ELEMENTS OF THE CLAIM

Oracle's first cause of action is brought under the Lanham Act for alleged false advertising.  Oracle claims a violation of 15 U.S.C. § 1125(a)(1)(B).  Section 1125(a)(1)(B) states in relevant part:

> "**Any person who**, […] **in connection with any** goods or **services**, […] **uses in commerce any word, term**, […] **or any combination thereof**, […] **false or misleading description of fact, or false or misleading representation of fact, which**
>> (B) **in commercial advertising or promotion, misrepresents the nature, characteristics, qualities**, or geographic origin **of** his or her or **another person's** goods, **services, or commercial activities**,

> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act."

15 U.S.C. § 1125(a)(1)(B) (emphasis supplied).

To state a claim under 15 U.S.C. § 1125(a)(1)(B) for false advertising, plaintiff must allege "(1) the defendant has made a false or misleading statement; (2) the false or misleading statement has actually deceived or has the capacity to deceive a substantial portion of the intended audience; (3) the deception is material, in that it is likely to influence purchasing decisions; (4) the defendant placed the false or misleading statement in interstate commerce; and (5) the plaintiff has been injured as a result of the misrepresentation." *Buffalo News, Inc. v. Metro Grp., Inc.*, 2013 WL 321578, at *3 (W.D.N.Y. Jan. 28, 2013); *UPS Store, Inc. v. Hagan*, 2015 WL 9256973, at *4 (S.D.N.Y. Nov. 18, 2015); *Sussman–Automatic Corp. v. Spa World*

*Corp.*, 15 F.Supp.3d 258, 269 (E.D.N.Y. 2014); *see also Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1395, 188 L. Ed. 2d 392 (2014) (to state a claim for violation of Sec. 43(a), plaintiff must allege (1) an injury to a commercial interest in reputation or sales; and (2) that injury is proximately caused by the defendant's misrepresentations); *Healthnow New York Inc. v. Catholic Health Sys., Inc.*, 2015 WL 5673123, at *4 (W.D.N.Y. Sept. 25, 2015).

Further, the first element – false or misleading statement – "may be based on at least one of two theories: 'that the challenged advertisement is literally false, i.e., false on its face,' or 'that the advertisement, while not literally false, is nevertheless likely to mislead or confuse consumers.' " *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 112 (2d Cir. 2010) (*quoting Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 153 (2d Cir. 2007). In addition, "the touchstone of whether a defendant's actions may be considered 'commercial advertising or promotion' under the Lanham Act is that the contested representations are part of an organized campaign to penetrate the relevant market. Proof of widespread dissemination within the relevant industry is a normal concomitant of meeting this requirement." *Fashion Boutique of Short Hills, Inc. v. Fendi USA*, Inc., 314 F.3d 48, 57 (2d Cir. 2002); *Healthnow New York Inc.*, 2015 WL 5673123, at *5.

Finally, a bare claim that plaintiff has been damaged will not do; "a plaintiff suing under § 1125(a) ordinarily must show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising; and ... that occurs when deception of consumers causes them to withhold trade from the plaintiff." *Lexmark Int'l, Inc*., 134 S. Ct. at 1391; *see Merck Eprova AG v. Gnosis S.p.A.*, 901 F.Supp.2d 436, 449–50 (S.D.N.Y. 2012) (Lanham Act requires a showing that defendant's deception is likely to influence purchasing decisions and that the plaintiff has been injured as a result of the misrepresentation, either by

direct diversion of sales or by a lessening of goodwill associated with its products), *aff'd Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247 (2d Cir. 2014).

>    **1.  Allegations of Fact Demonstrating Why Defendant's Statements Are False and How Such Statement Are Likely to Deceive Are Absent From The Complaint**

Oracle's naked conclusory allegations that Lemberg Website statements are "false" and are "likely to deceive," devoid of further factual enhancements, are insufficient to state claim for relief. *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937.  Oracle quotes five statements from Lemberg Website and alleges they are "false and/or defaming," that they constitute "false advertising," and that they are "likely to deceive consumers as to the nature of Oracle's business practices." Complaint, ¶¶20, 22, 23.  Yet, apart from bare assertion that those statements are false, Oracle's Complaint is devoid of any factual allegations demonstrating those statements are literally or implicitly false.  Such mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545, 127 S.Ct. 1955.  *See Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 112–13 (2d Cir. 2010) ("To succeed in a likelihood-of-confusion case where the statement at issue is not literally false, however, a plaintiff 'must demonstrate, by extrinsic evidence, that the challenged commercials tend to mislead or confuse consumers,' and must 'demonstrate that a statistically significant part of the commercial audience holds the false belief allegedly communicated by the challenged advertisement.'"); *Time Warner Cable*, 497 F.3d at 153 ("[W]hereas plaintiffs seeking to establish a literal falsehood must generally show the substance of what is conveyed, ... a district court must rely on extrinsic evidence [of consumer deception or confusion] to support a finding of an implicitly false message." (internal quotation marks omitted and emphasis and alterations in original)).

Here, the first two statements are excerpts of a Press Release on Lemberg Website describing a lawsuit Lemberg Law brought on behalf of its client in the U.S. District Court, Middle District of Florida. (Exhibit A to Complaint).  STATEMENT 1 starts with the words "This lawsuit charges …" and goes on to summarize violations of federal law allegedly committed by Oracle.  Oracle's Complaint fails to plead what about that summation is false or how it is likely to deceive consumers.  STATEMENT 2 similarly starts with the words "She alleges that …" and goes on to summarize plaintiff's allegations of fact in that lawsuit.  Again, Oracle's Complaint fails to plead what about that summation is false or how it is likely to deceive consumers.  Notably, the Press Release on Lemberg Website makes is abundantly clear those statements are mere allegations that are to be proved at trial.

Further, STATEMENTS 3, 4 and 5 generally describe complaints initiated against Oracle as reported by other public sources, contain brief general description of Oracle's operations, and contain general description of the debt collection industry as a whole.   Again, Oracle's Complaint fails to plead what about these three statements is false or how they are likely to deceive consumers.   For example, Oracle's allegations of falsehood are not "supported by comparing the statement itself with the reality it purports to describe." *Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 153 (2d Cir. 2007) (*quoting Schering Corp. v. Pfizer Inc.*, 189 F.3d 218, 229 (2d Cir. 1999), as amended on reh'g (Sept. 29, 1999)).  Finally, Complaint, as pled, leaves one to wonder who are the "consumers" that are likely to be deceived: is Oracle talking about its own clients, or about people from whom it attempts to collect debts?  Therefore, because Oracle failed to plead elements in support of its Lanham Act cause of action, it must be dismissed.

### 2. Lemberg Website Statements Are Not "Commercial Advertising or Promotion" Within The Meaning of The Statute

Lemberg Website statements (Complaint, ¶20) are outside the scope of the Lanham statute as they had no purpose of penetrating or influencing the market of debt sellers or those looking to collect their accounts receivables. Lemberg Law, unlike Oracle, does not solicit accounts receivables for collection, and Oracle makes no such claim. While the Lanham Act does not define the phrase "commercial advertising or promotion," this Circuit adopted the following three-part test: the statement must be: "(1) commercial speech, (2) made for the purpose of influencing consumers to buy defendant's goods or services, and (3) although representations less formal than those made as part of a classic advertising campaign may suffice, they must be disseminated sufficiently to the relevant purchasing public." *Gmurzynska v. Hutton*, 355 F.3d 206, 210 (2d Cir. 2004) (internal quotation marks omitted).

Here, Oracle does not plead, and cannot plausibly plead, that Lemberg Website statements were made for the purpose of influencing consumers' decisions in retaining Oracle's debt collection services. Lemberg Law does not cater to and does not target consumers of Oracle's services. While "Oracle provides services to companies that are seeking to collect unpaid debts" (Complaint, ¶12), Lemberg Law protects debtors "from unlawful debt collection practices" Complaint, ¶2). Further, Oracle admits Lemberg Law operates Lemberg Website to "advertise **its** services," which it admits are different than what Oracle provides. (Complaint. ¶3). Therefore, Lemberg Website statements are not "commercial advertising or promotion" as they were not made for the purpose of influencing buyers of Oracle's services and such statements were not targeted at debt sellers. *Fashion Boutique of Short Hills, Inc.*, 314 F.3d at 57 ("the touchstone of whether a defendant's actions may be considered 'commercial advertising or promotion' under the Lanham Act is that the contested representations are part of an organized

campaign to penetrate the relevant market"). *See Jus Punjabi, LLC v. Get Punjabi US, Inc.*, 640 F. App'x 56, 59 (2d Cir. 2016) (dismissal of Lanham Act false advertising claim upheld where plaintiffs failed to plausibly plead either that defendants engaged in any commercial speech or that any statements made by defendants were sufficiently disseminated to the relevant purchasing public); *Gmurzynska v. Hutton*, 355 F.3d 206, 210 (2d Cir. 2004) (Lanham Act claim dismissed where plaintiff has not alleged any false statements "in commercial advertising or promotion"). Therefore, because Oracle failed to plausibly plead that Defendant's statements were commercial advertising or promotion targeted at buyers of Oracle's services, the Lanham Act cause of action must be dismissed.

### 3. Complaint Failed to Allege Plausible Causal Connection Between Plaintiff's Harm and Lemberg Website Statements

Oracle's Lanham Act cause of action must fail as it failed to plead a causal connection between its harm and Lemberg Website statements.  Oracle pleads that "[a]s a direct and proximate result of Defendant's unlawful acts, Oracle has suffered, and will continue to suffer significant monetary and reputational injury in amounts … believed to exceed $75,000." (Complaint, ¶24).  Such speculative allegations and formulaic recitations of the statutory elements will not do.  At the very least, the Complaint must plead facts showing a flow of economic or reputational injury directly from Lemberg Website and, that Lemberg Website statements caused Oracle's customers to withhold business. *Lexmark Int'l, Inc*., 134 S. Ct. at 1391; *Time Warner Cable, Inc.*, 497 F.3d 144, 161 (2d Cir. 2007) ("the likelihood of injury and causation will not be presumed, but must be demonstrated in some manner").

Here, Oracle failed to allege a plausible causal connection between harm to itself and Defendant's actions, *Avalos v. IAC/Interactivecorp.*, 2014 WL 5493242, at *5 (S.D.N.Y. Oct. 30, 2014), and its false advertising claim based on speculative allegations of harm caused by

Lemberg Law must be dismissed. *See Gifford v. U.S. Green Bldg. Council*, 2011 WL 4343815, at *3 (S.D.N.Y. Aug. 16, 2011) (dismissing the plaintiffs' false advertising claim because any allegations of harm caused by the defendant's actions were "entirely speculative"); *Ortho Pharm. Corp. v. Cosprophar, Inc.*, 828 F.Supp. 1114, 1125 (S.D.N.Y.1993), aff'd, 32 F.3d 690 (2d Cir.1994) (noting that the plaintiff "introduced little evidence in this case that could justify finding an injury or a causal connection to [the defendant's] conduct.").

Therefore, because Complaint fails to plead facts in support of Oracle's contention that Lemberg Website statements are literally or implicitly false, fails to plead facts in support of its claim that such statements are likely to deceive consumers, fails to plead facts showing Lemberg Website statements constitute "commercial advertising or promotion," and fails to plead causal link to its damages, Oracle's Lanham Act cause of action must be dismissed.  Further, the Court should refuse to exercise jurisdiction over remaining state causes of action and dismiss them too. *Klein & Co. Futures v. Bd. of Trade of City of New York*, 464 F.3d 255, 262 (2d Cir. 2006) (where federal "claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims").

## B.  ORACLE FAILED TO PLEAD TRADE LIBEL – PRODUCT DISPARAGEMENT CAUSE OF ACTION

New York law treats trade libel or product disparagement as similar causes of action. *Enigma Software Grp. USA, LLC v. Bleeping Computer LLC*, 194 F. Supp. 3d 263, 291 (S.D.N.Y. 2016).  "The tort of trade libel or injurious falsehood requires the knowing publication of false and derogatory facts about the plaintiff's business of a kind calculated to prevent others from dealing with the plaintiff, to its demonstrable detriment." *Banco Popular N. Am. v. Lieberman*, 75 A.D.3d 460, 462, 905 N.Y.S.2d 82, 85 (2010). "[T]he facts so published must cause special damages, in the form of actual lost dealings." *Id.*; *Enigma Software Grp. USA, LLC*

13

*v. Bleeping Computer LLC*, 194 F. Supp. 3d 263, 291 (S.D.N.Y. 2016).   Generally, special damages means "the loss of something having economic or pecuniary value." *Albert v. Loksen*, 239 F.3d 256, 271 (2d Cir.2001) (citation omitted).   "Where loss of customers constitutes the alleged special damages, the individuals who ceased to be customers, or who refused to purchase, must be named and the exact damages itemized." *Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*, 314 F.3d 48, 59 (2d Cir. 2002) (citation omitted).   Pleading damages as a round number with no attempt at itemization alleges general and not special damages. *Bilinski v. Keith Haring Found., Inc.*, 96 F. Supp. 3d 35, 51 (S.D.N.Y.), aff'd in part, 632 F. App'x 637 (2d Cir. 2015); *Drug Research Corp. v. Curtis Pub. Co.*, 7 N.Y.2d 435, 441, 166 N.E.2d 319, 322 (1960). *See also Healthnow New York Inc. v. Catholic Health Sys.*, *Inc.*, 2015 WL 5673123, at *8 (W.D.N.Y. Sept. 25, 2015) ("To satisfy the special damages pleading requirement, 'a plaintiff must set forth an itemized account of her losses; round figures or a general allegation of a dollar amount as special damages will not suffice.' ").

Oracle's falls woefully short of this pleading standard.   First, Oracle failed to plead special damages where it has not named individuals who ceased to be customers or who refused to retain Oracle's debt collection services, and does not plead with specificity any actual lost dealings; it merely pleads general damages in excess $75,000. (Complaint, ¶32). *Healthnow New York Inc.*, 2015 WL 5673123, at *8 (product disparagement claim dismissed with prejudice for failure to plead special damages).   Second, short of conclusory allegations, as disused in Section A-1, *supra*, Complaint fails to plead facts in support of Oracle's contention that Lemberg Website statements are false.   Third, Complaint fails to show how Lemberg Website statements were aimed at preventing others from dealing with the Oracle, as opposed to Lemberg Website

merely soliciting leads for its own business.  Therefore, because Oracle failed to state a claim for trade libel and product disparagement, the second cause of action must be dismissed.

### C. ORACLE CANNOT PREVAIL ON ITS DEFAMATION CLAIM BECAUSE COMPLAINT FAILS TO ALLEGE HOW THE COMMENTS ABOUT WHICH IT COMPLAINS ARE DEFAMATORY AND FALSE AND BECAUSE ORACLE FAILED TO PLEAD SPECIAL DAMAGES

In its Third Cause of Action, Oracle asserts a claim for defamation.  Under New York law, whether "particular words are defamatory presents a legal question to be resolved by the court in the first instance" and "if not reasonably susceptible of a defamatory meaning, they are not actionable and cannot be made so by a strained or artificial construction." *Golub v. Enquirer/Star Group, Inc.*, 681 N.E.2d 1282, 1282 (N.Y. 1997) (citation omitted); *Healthnow New York Inc.*, 2015 WL 5673123, at *7 (internal quotation marks and citations omitted). "Generally, a written statement may be defamatory if it tends to expose a person to hatred, contempt or aversion, or to induce an evil or unsavory opinion of him in the minds of a substantial number of the community[.] Even on a professional level, a defamatory meaning may attach to derogatory statements that would cause apprehension about a person's ability to conduct business." *Id.* (citations and internal quotation marks omitted).  To be actionable, a provable statement of fact is required; "rhetorical hyperbole" or "vigorous epithet" will not suffice. *Greenbelt Coop. Publ'g Ass'n v. Bresler*, 398 U.S. 6, 14 (1970).  The elements of a defamation claim are: (1) a defamatory statement of fact about the plaintiff, (2) that is false, and (3) published to a third party; (4) fault on the part of the speaker (either negligence or actual malice, depending on the status of the libeled party); and (5) either special harm or defamation per se. *Albert v. Loksen*, 239 F.3d 256, 265–66 (2d Cir. 2001); *Celle v. Filipino Reporter Enterprises Inc.*, 209 F.3d 163, 176 (2d Cir. 2000).

With respect to the last element of the claim dealing with damages, plaintiff must plead facts that constitute defamation per se or must plead special damages.  "[W]here a statement impugns the basic integrity or creditworthiness of a business, an action for defamation lies and injury is conclusively presumed." *Celle v. Filipino Reporter Enterprises Inc.*, 209 F.3d 163, 180 (2d Cir.2000) (*quoting Ruder & Finn Inc. v. Seaboard Surety Co.*, 52 N.Y.2d 663, 439 N.Y.S.2d 858, 422 N.E.2d 518, 522 (1981)).  Also, "words are per se defamatory if they import criminal activity, impute certain types of disease, would tend to injure a party's trade, occupation or business, or impute certain sexual conduct." *Campanella v. Cty. of Monroe*, 853 F. Supp. 2d 364, 371 (W.D.N.Y. 2012) "Special damages consist of the loss of something having economic or pecuniary value which must flow directly from the injury to reputation caused by the defamation." *Celle*, 209 F.3d at 179 (*quoting Matherson v. Marchello*, 100 A.D.2d 233, 235, 473 N.Y.S.2d 998 (2d Dep't 1984)) (internal quotation marks omitted).

### 1.  Lemberg Website Statements Are Not Reasonably Susceptible of Defamatory Meaning

In this instance, Oracle alleges that Lemberg Law is liable for defamation for its publication on Lemberg Website of the following statements:[1]

> **STATEMENT 1** "This lawsuit charges that *Oracle Financial Group violated the Fair Debt Collection Practices Act (FDCPA) by contacting third parties about a debt; by engaging in harassing behavior; by using false, deceptive, or misleading representation in connection with the collection of a debt; by threatening to take legal action without actually intending to do so; by misrepresenting that our client had committed a crime; and by using unfair and unconscionable means to collect a debt.*"

> **STATEMENT 2** "She alleges *that Oracle Financial Group told her friend that the debt collection agency was trying to reach our client with regard to "a criminal lawsuit." In addition, our client says that her brother received a voicemail message from Oracle Financial Group*

---

[1] Per Complaint, full quotes included for context, allegedly false and defaming portions indicated by *italics*.

*saying that it was trying to serve her with a lawsuit. When she called Oracle Financial Group, our client says that the Oracle Financial Group debt collector told her that her license would be suspended if the debt wasn't paid. The debt collection agency also said that it had sent our client a lawsuit in the mail.*"

(Complaint, ¶20, 34).

Oracle fails to state what about this summation of legal allegations, which Lemberg Website clearly attributes to a lawsuit filed against Oracle in the U.S. District Court, Middle District of Florida, is defamatory. This clearly is not a factual statement, but a recount of an allegation to be proven at trial. In addition, nothing in this statement is reasonably susceptible of a defamatory meaning. Oracle takes this allegedly defamatory statement wholly out of context and fails to recognize that it is part of a Press Release on Lemberg Website describing a lawsuit Lemberg Law brought on behalf of its client in the U.S. District Court, Middle District of Florida. (Exhibit A to Complaint). When read in context on the very same page, it becomes crystal clear that it is not a bare accusation that Oracle employs illegal means to conduct business, but a carefully crafted statement describing a lawsuit filed against Oracle that alleges it possibly engaged into such conduct.

If Oracle were allowed to have its way, then not only would it be a defamation for Lemberg Website to publish summation of allegations in a filed lawsuit, but also it would constitute a defamation for the Court to publish such pleadings on its PACER system, or for any media for that matter. That is clearly outside the purview of the defamation cause of action and is not actionable.

Next, Oracle asserts the following three statements are defamatory:[2]

**STATEMENT 3** As of April 2017, *the Better Business Bureau reported 45 closed Oracle Financial Group complaints within the previous three*

---

[2] Per Complaint, full quotes included for context, allegedly false and defaming portions indicated by *italics*.

*years, including 9 closed Oracle Financial Group complaints within the previous 12 months. In addition, Justia lists one Oracle Financial Group complaints filed in federal court in the past year alleging violations of the Fair Debt Collection Practices Act. Furthermore, the Consumer Financial Protection Bureau (CFPB) lists 31 closed Oracle Financial Group complaints for 2016.*

**STATEMENT 4** Oracle Financial Group is based in Buffalo, New York. *The business was launched in 2000, and is both a debt collector and a debt buyer. Debt buyers typically purchase cheap blocks of debt that companies have written off as uncollectable. Sometimes debt buyers purchase debt from other debt buyers who have already worked over the accounts. They turn a profit by collecting on a percentage of those "uncollectable" debts.*

**STATEMENT 5** Like many debt collection companies, Oracle Financial Group operates on a contingency basis, meaning they don't get paid unless they collect debt. *They claim that their debt collectors are trained in persuasive techniques to get consumers to pay them, while at the same time claiming that their staff is trained to be in compliance with all federal and state laws that govern the industry.*

(Complaint, ¶20).

Again, beyond making bare conclusory allegation of falsehood, Oracle fails to explain how these statements are defamatory. These Lemberg Website statements recount factual information about Oracle and generally about the debt collection industry that was gathered from public sources and is publicly available. To rise to the level of a defamatory statement, Oracle must plead how these very three statements have expose Oracle to hatred, contempt or aversion, or induced an evil or unsavory opinion of it in the minds of a substantial number of the community, or caused apprehension about its ability to conduct business. Oracle's Complaint failed to do this. As such, it is clear that Lemberg Law has not made any defamatory statements about Oracle at all. Therefore, because Oracle failed to state a claim for defamation, the third cause of action must be dismissed.

### 2.   Oracle Failed to Plead Facts Demonstrating Falsehood and Malice

Oracle pleads nothing to demonstrate how Lemberg Website statements are false other than peppering its allegations with words "false," "defamatory," or "misleading" throughout the Complaint. (Complaint. ¶¶1, 17, 20, 22, 23, 26-28, 31, 34, 35).   Further, beyond reciting elements of 'defamation' cause of action, Oracle failed to plead facts in support of its conclusory allegation that Defendant made such statements maliciously.   Such threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. 662.   A complaint that merely recites the elements of a cause of action, devoid of further factual enhancement, is woefully insufficient to state a claim for defamation. *Twombly*, 550 U.S. at 557.   Therefore, because Oracle failed to state a claim for defamation, the third cause of action must be dismissed.

### 3.   Lemberg Website Statements Are Not Defamatory Per Se and Oracle Failed to Plead Special Damages

Since Lemberg Website statements are not defamatory per se and Oracle failed to please special damages, the third cause of action must be dismissed.   Here, the words used on Lemberg Website do not impugn Oracle in their business or profession and do not constitute defamation per se.   For example, the Lemberg Website does not accuse Oracle of being crooks or liars. *See Curry v. Roman*, 217 A.D.2d 314 (N.Y. App. Div. 4th Dep't 1995) (finding statements that auctioneer and his business were "crooks," "liars," "thieves," and "swindlers" defamatory as a matter of law).   The adverse inferences Oracle attempts to draw from Lemberg Website are not sufficient to state an actionable defamation per se claim. *Roche v. Hearst Corp.*, 421 N.E.2d 844, 844 (N.Y. 1981) (affirming dismissal of defamation claim because alleging adverse inferences is insufficient).   Lemberg Website STATEMENTS "1" and "2" make abundantly clear they are made in the context of a press release about a lawsuit that charges Oracle with violating federal

law and, as such, do not make a factual assertion that statements made are, in fact, true. Lemberg Website STATEMENTS "3" through "5" generally describe Oracle's business and the debt collection industry and are not defamatory per se as they do not impugn the basic integrity or creditworthiness of a business.  Accordingly, since Lemberg Website statements are not defamatory per se, Complaint must plead special damages.

Here, Complaint fails to plead special damages. However, the Complaint is devoid of factual allegations showing how Oracle lost something having economic or pecuniary value which flowed directly from the injury to reputation caused by the defamation.  Merely pleading general damages in excess $75,000 is insufficient. *Healthnow New York Inc.*, 2015 WL 5673123, at *8 (product disparagement claim dismissed with prejudice for failure to plead special damages).  Therefore, Oracle's third cause of action must be dismissed for failure to state a claim.

## CONCLUSION

Plaintiff failed to state a claim under all of the counts pled in its Complaint.  Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice in its entirety.

Dated: November 27, 2017

Respectfully submitted,

By   /s/ Vlad Hirnyk

Vlad Hirnyk, Esq.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
vhirnyk@lemberglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2017, a true and correct copy of the foregoing Memorandum of Law in Support of Defendant's Motion to Dismiss Complaint and supporting documents was filed electronically by the U.S. District Court for the Western District of New York Electronic Document Filing System (ECF), which sent notice of such filing to the following counsel of record:

Kevin P. Wicka
The Tarantino Law Firm, LLP
1500 Rand Building
14 Lafayette Square
Buffalo, NY 14203
*Attorneys for Plaintiff*

By   /s/ Vlad Hirnyk
        Vlad Hirnyk